FILED by ___SL___ D.C.

May 21, 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. – MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20362-CR-WILLIAMS/SIMONTON

18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

FREDDY MORENO-BELTRAN,

Defendant.
_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

#### Export-Import Bank of the United States

1. The Export-Import Bank of the United States ("Ex-Im Bank") was an independent agency of the executive branch of the United States located in Washington, D.C. It was also the official export credit agency of the United States.

2. The mission of Ex-Im Bank was to assist in the export of United States goods and services to companies overseas. One of the ways Ex-Im Bank fulfilled this mission was by insuring or guaranteeing loans made by United States banks or finance companies as lenders to creditworthy companies and individuals for the purpose of purchasing goods made in the United States for export to companies overseas.

SCANNED

3. If a borrower defaulted on its loan repayment after Ex-Im Bank had insured or guaranteed the loan, Ex-Im Bank, as the guarantor or insurer, would pay off the remaining loan balance to the United States bank or financing company.

4. Before issuing a loan guarantee or insuring a loan, Ex-Im Bank required that a United States exporter - the person or entity shipping the United States goods on behalf of the borrower - certify to Ex-Im Bank the type, amount, and value of the United States goods that it would be shipping, and that the goods shipped were made in the United States.

5. Ex-Im Bank's guarantee and insurance could only be utilized to support the sales of U.S. goods and services. Therefore, Ex-Im loan insurance and guarantees could not be used to support cash or working-capital loans to foreign borrowers since this did not further Ex-Im Bank's mission of supporting U.S. based jobs through the export of American goods and services.

6. Applications for an Ex-Im Bank policy were normally submitted by the borrower to both the lending institution and to Ex-Im.

## The Defendant

7. The defendant, **FREDDY MORENO-BELTRAN**, was a Colombian citizen residing in Bogota, Colombia. **MORENO** was the owner of Clientric SA (Clientric"), a telemarketing company located in Colombia and the purported buyer in a fraudulent Ex-Im Bank guaranteed loan.

## Co-Conspirators

8. Ricardo J. Beato ("Beato") owned a telemarketing software company Approach Technologies International, LLC (ATI) located in Miami Lakes FL and was separately charged.

2

ATI purportedly sells computer telemarketing software and acted as the supplier for a medium-term Ex-Im guaranteed loan under policy APO-480324 in November 2010.

9. Jorge R. Amad ("Amad") was a naturalized United States citizen residing in Miami, FL. Amad was the co-owner of ATI and was separately charged.

10. Co-Conspirator 1 ("CC#1") was a naturalized U.S. citizen and the owner of an export company in Miami, FL known as "G.E.M." G.E.M. was identified as the exporter to Ex-Im in the fraudulent Ex-Im Bank transaction.

11. Co-Conspirator 2 ("CC#2") was a U.S. citizen and married to CC#1 and was the signator on G.E.M.'s bank account with CC#1 and assisted CC#1 in acting as the exporter in the fraudulent Ex-Im Bank transaction.

12. Co-Conspirator 3 ("CC#3") was a U.S. citizen residing in Miami, FL, and the father of CC#2 who assisted CC#1 and CC#2 in acting as the exporter in the fraudulent Ex-Im Bank transaction.

## The Lender

13. The "Lender" - *i.e.*, the company that loaned the money to **FREDDY MORENO-BELTRAN** - was a financing company located in Windsor, Connecticut.

## COUNT 1
### Conspiracy to Commit Wire Fraud
### (18 U.S.C. § 1349)

14. The General Allegations section of this Information is realleged and incorporated by reference as if fully set forth herein.

15. From in or around January 2009, through in or around November 2010, in the Southern District of Florida, and elsewhere, the defendant,

3

**FREDDY MORENO-BELTRAN,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate and agree with Ricardo J. Beato, Jorge R. Amad, CC#1, CC#2, CC#3, and others known and unknown to the United States Attorney, to knowingly and with intent to defraud devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, and transmit and cause to be transmitted, by means of wire, radio and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing the scheme, in violation of Title 18, United States Code, Section 1343.

## THE PURPOSE OF THE CONSPIRACY

16. The purpose of the conspiracy was for **FREDDY MORENO-BELTRAN** and his co-conspirators to unlawfully enrich themselves by submitting false and fraudulent documents and information to the Ex-Im Bank through a lender, in order to obtain an Ex-Im Bank guaranteed loan, and to misappropriate the loan proceeds for their personal use and benefit.

## THE MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which **FREDDY MORENO-BELTRAN** and his co-conspirators carried out the object and purpose of the conspiracy included, but were not limited to, the following:

17. **FREDDY MORENO-BELTRAN,** Ricardo J. Beato, Jorge R. Amad, CC#1, CC#2, and CC#3 prepared false documents to submit to United States lending banks and finance companies seeking a loan to be guaranteed by the Ex-Im Bank.

18. CC#1, CC#2, and CC#3 prepared false documents stating that United States manufactured goods had been purchased and shipped to **FREDDY MORENO-BELTRAN** in Colombia.

19. **FREDDY MORENO-BELTRAN,** Ricardo J. Beato, Jorge R. Amad, CC#1, CC#2, and CC#3 caused the false and fraudulent documents to be submitted to the lender and Ex-Im Bank.

20. **FREDDY MORENO-BELTRAN,** Ricardo J. Beato, Jorge R. Amad, CC#1, CC#2, and CC#3 caused the transmission of, and receipt of, bank loan proceeds through wire transfers.

21. **FREDDY MORENO-BELTRAN,** Ricardo J. Beato, Jorge R. Amad, CC#1, CC#, and CC#3 disbursed the loan proceeds, not for the purchase of equipment as represented, but for their personal benefit and use.

All in violation of Title 18, United States Code, Section 1349.

### COUNT 2
### Wire Fraud
### (18 U.S.C. 1343)

1. The General Allegations section of this Information is realleged and incorporated by reference as if fully set forth herein.

2. On or about November 9, 2010, in Miami-Dade County, the Southern District of Florida, and elsewhere, the defendant,

**FREDDY MORENO-BELTRAN,**

did knowingly and with intent to defraud devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses,

5

representations, and promises, knowing that the pretenses, representations and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice to defraud, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds.

### PURPOSE OF THE SCHEME AND ARTIFICE

3. The purpose of the scheme and artifice was for **FREDDY MORENO-BELTRAN** and his accomplices to unlawfully enrich themselves by submitting false and fraudulent information to Ex-Im Bank through the Lender, in order to obtain a loan guaranteed by Ex-Im Bank and to misappropriate the loan proceeds for their personal use and benefit.

### THE SCHEME AND ARTIFICE

4. Paragraphs 17 through 21 of the Manner and Means section of Count 1 of this Information are realleged and incorporated herein by reference as a description of the scheme and artifice.

### USE OF THE WIRES

5. On or about November 9, 2010, **FREDDY MORENO-BELTRAN**, for the purpose of executing the scheme and artifice to defraud and to obtain money or property by means of false and fraudulent pretenses, representations and promises, did knowingly transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, specifically, a monetary wire transfer of $100,000 from a bank located in Miami, Florida, to a bank located in

Bogota, Colombia.

In violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE
## (18 U.S.C. § 981(a)(1(C))

1. The allegations contained in this Information are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of American of certain property in which the defendant, **FREDDY MORENO-BELTRAN**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343 or 1349, as alleged in this Information, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. The property subject to forfeiture includes, but is not limited to, the sum of $1,924,418.50 in United States currency, which sum represents a sum of money constituting or derived from proceeds traceable to the charged offenses.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c), and the procedures set forth in Title 21, United States Code, Section 853.

*[signature]*, Chief, Crim Div
WIFREDO A. FERRER
UNITED STATES ATTORNEY

ANDREW WEISSMAN
CHIEF FRAUD SECTION
Criminal Division
United States Department of Justice

By: *[signature]*
WILLIAM H. BOWNE
Trial Attorney
Bar No. A5501472
(202) 514-7023
william.bowne2@usdoj.gov

PATRICK M. DONLEY
Senior Ligation Counsel
Bar No. A5501108
(202) 514-0842
patrick.donley2@usdoj.gov
Fraud Section, Criminal Division
United States Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

FREDDY MORENO-BELTRAN,

          Defendant.
_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

| | | | | |
|---|---|---|---|---|
| _X_ Miami | ___ Key West | | | |
| ___ FTL | ___ WPB | ___ FTP | | |

New Defendant(s) _____     No ___
Number of New Defendants _____
Total number of counts _____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)  No
   List language and/or dialect

4. This case will take  _0_  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                                  (Check only one)

   I     0 to 5 days       _X_          Petty      ___
   II    6 to 10 days      ___          Minor      ___
   II    11 to 20 days     ___          Misdem.    ___
   IV    21 to 60 days     ___          Felony     _X_
   V:    61 days and over  ___

6. Has this case been previously filed in this District Court? (Yes or No)  No
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No)  No
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No)  No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   ___ Yes   _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   ___ Yes   _X_ No

                            _____
                            WILLIAM H. BOWNE
                            DOJ TRIAL ATTORNEY
                            Bar No. A5501472

*Penalty Sheet(s) attached                                                              REV 4/8/08

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:**  FREDDY MORENO-BELTRAN

**Case No:** _____

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349

* **Max. Penalty**: Twenty (20) years' imprisonment

Count #: 2

Wire Fraud

Title 18, United States Code, Section 1343

* **Max. Penalty**: Twenty (20) years' imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.