UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20362-CR-WILLIAMS

UNITED STATES OF AMERICA,

vs.

FREDY MORENO-BELTRAN,

                    Defendant.
_____/

### UNITED STATES' MOTION FOR ENTRY OF A
### FORFEITURE MONEY JUDGMENT

The United States of America moves for entry of a forfeiture money judgment pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Fed.R.Crim.P.32.2.(b)(2), and in support thereof states the following:

1.      On May 21, 2015, The United States Attorney filed an Information ("Information") charging Fredy Moreno-Beltran ("Beltran" or "defendant") with conspiracy to commit wire fraud, in violation of Tile 18, United States Code, Sections 1349 and wire fraud, in violation of Title 18, United States Code, Sections 1343 (Count 1).   [ECF No. 7].

2.      The Information further alleged that upon conviction of a violation of, or a conspiracy to violate, Title 18, United States Code, Sections 1349 or 1343, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3.      On May 22, 2015, the defendant pled guilty to one count of conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349, and one count of wire fraud, in violation of Title 18, United States Code, Section 1343.   Further, the defendant, by written plea

agreement with the United States, agreed to the entry of a personal money judgment in the sum of $1,924,418.50, which amount represents the proceeds traceable to the violations of Title 18, United States Code, Sections 1349 and 1343.   [ECF No. 14].

4.       The United States has not, as of this date, identified specific assets that were involved in or were traceable to the offenses for which the defendant pled guilty.   Nor has the United States yet identified any property of the defendant that could be forfeited as substitute assets in accordance with Title 21, United States Code, Section 853(p).

5.       The entry of an order of forfeiture in the form of a personal money judgment against the defendant is specifically authorized by Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure.   In fact, such orders of forfeiture are well-established.   *See United States v. Conner*, 752 F.2d 566, 576 (11th Cir. 1985)(ruling that because criminal forfeiture is *in personam*, it follows defendant; it is a money judgment against defendant for the amount of money that came into his hands illegally; and the Government is not required to trace the money to any specific asset).   *See also United States v. Navarro-Ordas*, 770 F.2d 969 (11th Cir. 1985)(court may enter "personal money judgment" against the defendant for the amount of illegally obtained proceeds).

6.       Moreover, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

7.       Further, once an order of forfeiture is entered, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B) of the Federal Rules of Criminal Procedure, to amend that order of forfeit specific property belonging to the defendant having a value up to the amount of the money judgment as substitute assets.

**WHEREFORE**, based upon the foregoing, and the other matters of record in this proceeding, the United States requests the entry of the attached proposed forfeiture money judgment and for such other relief as this Court may deem just and proper.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:    *s/ Michelle B. Alvarez*
       Michelle B. Alvarez
       Assistant United States Attorney
       Florida Bar No. 615617
       99 N.E. 4th Street
       Miami, Florida 33132-2111
       Telephone: 305-961-9088
       Facsimile:   (305) 536-7599
       Email:   Michelle.Alvarez@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 7, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*s/Michelle B. Alvarez*
MICHELLE B. ALVAREZ
Assistant United States Attorney

3